**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold Eugene SCURLOCK, Defendant-Appellant.**

No. 71–1527.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1971.

O. J. Wilkinson, Jr. (argued), Phoenix, Ariz., for defendant-appellant.

Morton Sitver (argued), Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before MADDEN, Senior Judge, United States Court of Claims,* and KOELSCH and CHOY, Circuit Judges.

PER CURIAM:

Scurlock appeals from a conviction in a trial by jury for conspiracy to transport stolen property in interstate commerce in violation of 18 U.S.C. § 371. We affirm.

Appellant asserts, as his sole contention on this appeal, that the District Court erred in denying his motion for judgment of acquittal at the close of the government's case for insufficiency of evidence. We find the evidence legally sufficient.

The evidence indicated that in early 1970, appellant, Leonard J. Lackey, and

* The Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

Glen W. David met on several occasions at David's home in Phoenix, Arizona, to discuss obtaining a boat for David. Appellant was a resident of Colorado, and was Lackey's brother-in-law. Charles H. Green of Broomfield, Colorado, owned a Glastron Aqua Hull boat and trailer, of value in excess of five thousand dollars, which disappeared from its storage place beside his warehouse late in March, 1970. Lackey testified for the government, relating that in early April, 1970, he was given $200 by David and was provided with David's pickup truck; that he drove to Cortez, Colorado, where he met appellant at a "cafe or truck-stop"; that appellant had the boat mounted on the trailer; that Lackey gave appellant the $200, attached the trailer and the boat behind the pickup truck and returned to Arizona; that before leaving Colorado, Lackey switched license plates on the trailer, replacing the existing plate with one issued in appellant's name in Colorado and provided by appellant.

An Arizona deputy sheriff, in the company of federal agents, observed the boat on April 30, 1970, at Lackey's home in Arizona. When found, the boat had within its hull life preservers embossed with the name "Green", and was mounted on a trailer bearing the license plate issued to appellant.

■ These facts support the inference that a conspiracy existed among Lackey, David, and appellant to transport stolen property in interstate commerce and that appellant's role was the stealing of the boat from Green, or alternately, receiving it from some undisclosed party who performed the theft, and delivering it to Lackey at Cortez, Colorado.

■ The foregoing, if believed by the jury, was legally sufficient to prove the crime of conspiracy. The implication of appellant as a conspirator by the co-conspirator Lackey is quite sufficient as a matter of law to support appellant's conviction. In United States v. Clarillo, 446 F.2d 645, (9th Cir. 1971) we said:

"* * * On appeal (appellant) challenges the sufficiency of the evidence to support his conviction. Without detailing all of the evidence, we find it sufficient. (The appellant) was implicated in the conspiracy by statements of his co-conspirator indicating that he was an active participant. * * * Viewing the evidence in the light most favorable to the government we hold that the trier of fact could reasonably conclude that the appellant was guilty. * * * "

The court did not err in letting the case go to the jury.

Affirmed.